J. Irwin Shapiro, J.
This is an application 11 for an Order remanding defendant for examination and treatment under Article 9 of the Mental Hygiene Act ’ ’.
The application is made upon the ground that the defendant is a drug addict and his belief ‘ ‘ that justice would be best served if defendant received required care and treatment ’ ’ as such an addict.
A search of the records reveals that the defendant was arrested in Kings County on October 6, 1964 on a charge of burglary and the possession of burglar’s tools and that that charge is now awaiting disposition.
The instant arrest took place on October 31, 1964 and is for burglary and violation of section 3305 of the Public Health Law and section 1747-d of the Penal Law.
Upon the argument of this motion I suggested to the attorney for the defendant that his client could not avail himself of the provisions of the Mental Hygiene Law because subdivision 6 of section 211 thereof provide's:
“ Although a court has determined that a defendant is a narcotic addict, the court shall not civilly commit such defendant if it appears that:
“ (a) There is pending against him a prior charge of a felony, and such prosecution has not been finally determined ”.
In an affidavit submitted to the court, the attorney for the defendant contends that section 206 provides for voluntary commitment,' while sections 210 and 211 apply in the event of a commitment after arrest and he contends inferentially that section 206 must be read independently of sections 210 and 211. All of the sections in question are contained in article 9, entitled ‘' Drug Addiction ’ ’; they are each interdependent, and must be read and construed together as a harmonious whole.
To read section 206 without reference to the exclusions contained in section 211 would render the latter nugatory and of no effect. That manifestly could not have been the intent of the Legislature. It is the considered opinion of this court, without considering whether the defendant is in fact a drug addict, that he is not eligible for voluntary commitment under any provision *855 of article 9 of the Mental Hygiene Law in view of the fact that ‘1 There is pending against him a prior charge of a felony, and snch prosecution has not been finally determined ” (§ 211, subd. 6). The motion is therefore in all respects denied.