.Charles G-. Tierney, J.
On this hearing on their writs of hafbeas corpus, petitioners, 11 in number, all of whom were committed, after conviction of a misdemeanor, to the custody of the Narcotic Addiction Control Commission under section 208 of the Mental Hygiene Law, seek to sustain their writs on the grounds that the commission has failed to provide any rehabilitative treatment whatever for their narcotics addiction and that such failure renders their confinement unlawful.
Specifically, each petitioner claims he is confined at Rikers Island Penitentiary with a cell mate serving a prison sentence for a crime, that he is subject to the same prison routine and discipline as his cell matehowever, whereas his cell mate will be released within one year, he may he confined for a period np to 36 months.
In short, petitioners claim that they are prisoners, not patients, and that they are confined to a prison, not a hospital. They allege further that no psychiatric or psychological therapy or vocational training has been afforded them, as was promised *1070 when the commission launched its ambitious program of rehabilitation over one year ago. According to each petitioner, the only rehabilitative feature of his imprisonment is an hourly meeting held three times a week, at which former addicts speak on the evils of drug addiction.
The New York State Legislature has directed the Narcotics Commission to control fully the care, treatment and rehabilitation of certified narcotic addicts (Mental Hygiene Law, §§ 204, 211) and the Court of Appeals has upheld the constitutionality of article 9 (Drug Addiction) of the Mental Hygiene Law as a proper exercise of the police power (Matter of James, 22 N Y 2d 545).
Petitioners do not challenge the legality of their original detention. Rather, they claim that their detention became unlawful only after the commission failed to inaugurate any form of effective rehabilitative program for them.
In the circumstances presented here, these writs must be dismissed. In the face of a legal commitment for a certified narcotic addiction, which, in the absence of a claim of rehabilitation, presumably still exists, this court on a writ of habeas corpus will not review the sufficiency and adequacy of the rehabilitative program (People ex rel. “ Anonymous ” v. La Burt, 17 N Y 2d 738). There is in existence an administrative forum where petitioners may present their charges as to the lack of 'a rehabilitation program at Rikers Island Penitentiary (Codes, Rules and Regulations of the City of New York, tit. 14, ch. XXV, § 1500.1) and orderly procedure dictates that the commission at the administrative level should first have an opportunity to review and, if necessary, to correct the situation of which petitioners complain. This court finds that section 1500.1 (supra) vests in the commission the jurisdiction and scope to entertain petitioners’ complaints and, if necessary, to direct appropriate corrective action thereon. Because of the availability of this administrative review, the court will not direct a judicial hearing on the sufficiency and adequacy of the rehabilitative program at Rikers Island Penitentiary.
Moreover, it would be presumptuous of this court to find, as petitioners contend, that the narcotics rehabilitation program, as it applies to them, is meaningless. Nor should the operations of the commission be lightly terminated by the courts (see J. P. F. v. Wiman, N. Y. L. J., March 4, 1908, p. 24, col. 5). The commission, with its expertise in the field, ought to be left to determine the methods of care and treatment best suited to cure petitioners of their addiction.
*1071 Finally, petitioners’ arguments ignore one salient fact, i.e., they are still certified narcotics addicts, a fact of some persuasion with this court and a fact which certainly distinguishes the situation of each of these petitioners from his cell mate, insofar as the duration of confinement is concerned. The New York State narcotics program was designed to protect society against the social contagion of narcotic addiction and to meet the need of narcotic addicts for medical, psychological and vocational rehabilitation, while safeguarding the liberty of individuals against undue interference (Mental Hygiene Law, § 200, subd. 3). It would seem therefore that in any evaluation of petitioners ’ confinement, the purposes of the narcotics program ought to be considered together as a harmonious whole (see People v. Glanstein, 44 Misc 2d 853). Accordingly, the interests of society in containing the proliferation of drug addiction and its attendant vices must be weighed in any assessment of the program.
Against this background, the Legislature saw fit to provide for a certification of an addict convicted of a misdemeanor to the custody of the comtofission for a period not to exceed 36 months '(Mental Hygiene Law, § 208, subd. 4, par. a). Discharge can earlier occur of course upon rehabilitation. The point is, though, that the Legislature, recognizing the evil of narcotics addiction, both to the addict himself and to society at large, imposed upon the addict what could be a lengthy term of confinement, during which, hopefully, he might be rehabilL tated. This court is of the view that it ought not thwart that legislative purpose by prematurely terminating an addict’s confinement solely upon the basis of the addict’s dissatisfaction with the program.
Of course, this court recognizes that the charge of insufficient treatment transcends in importance the cases of these 11 petitioners ; nor is the court unmindful of the fact that the narcotic rehabilitation program of this State is under attack in its entirety. The court therefore takes this opportunity to comment, in passing, that because of the gravity of the threat that drug addiction poses to the security and well-being of our society, every reasonable allowance ought to be made to the comlmission to develop fully its rehabilitative programs and that some reasonable restraint be exercised in the criticism of this proposed solution, unique in nature, to an acute and vexing problem.
In any event, the rights of these petitioners, constitutional or otherwise, have not been violated. The writs are dismissed.