Irwin D. Davidson, J.
Petitioners, a group of 18 prisoners, each of whom has been convicted of a misdemeanor by plea or after trial, each of whom has been certified as a narcotic addict and sentenced to the care and custody of the Narcotic Addiction Control Commission for an indeterminate term not to exceed 36 months, join together in one habeas corpus petition to challenge the legality of their present confinement in the Bronx House of Detention where they are awaiting transfer to one of the NACO facilities. One petitioner has been so confined for over four months and others for periods ranging up to three months.
Petitioners assert that their confinement in jail, where they receive no treatment for their addiction, frustrates their rehabilitation and is illegal. Therefore, petitioners request the court should either release them from custody or order their resentence on their misdemeanor convictions for terms not to exceed one year. The latter alternative is legally untenable. Where persons have been certified as narcotic addicts and sentenced pursuant to the Mental Hygiene Law, they may not be remanded for resentence to a prison term (Mental Hygiene Law, § 208; People v. Michaels, 30 A D 2d 666).
Petitioners’ additional contention that they receive no credit for time served while being detained at the House of Detention is erroneous. The sentence of a prisoner certified to the custody of the NACO commences on the date the order of certification is made (Mental Hygiene Law, § 208, subd. 4, par. a).
The threshold issue concerns the propriety of permitting the joinder of 18 relators in one habeas corpus proceeding. It is contended that the central issue in the case of each relator is the unlawful incarceration in the Bronx House of Detention for an unduly long period before his transfer to the custody of the NACO. It would seem that under CPLR 1002, the joinder of 18 petitioners in a single habeas corpus petition, where one common ground is asserted, is proper and should be permitted (People ex rel. Baker v. Narcotic Addiction Control Comm., 58 Misc 2d 1069).
Turning to the main issue posed by the writ, the alleged prolonged detention in jail before being transferred to the custody of the NACC, it is clear that the court has an obligation to protect a prisoner from unlawful or onerous treatment (People *511 ex rel. Brown v. Johnson, 9 N Y 2d 482). Where a person has been sentenced to an institution for purposes of rehabilitation and is being unduly delayed in entering into the rehabilitation program, the court should inquire into such claim (People ex rel. Meltsner v. Follette, 32 A D 2d 389; People ex rel. Blunt v. Narcotic Addiction Control Comm., 58 Misc 2d 57, affd. 31 A D 2d 718).
To sustain the writ does not necessarily mean the immediate discharge of these petitioners. The rule of reason must prevail in permitting the NACC authorities to assimilate these persons into its program as mandated by the court. The NACC authorities should have a reasonable period of time within which to transfer each of the petitioners to one of its facilities. Transfer should take place within a period of 30 days from date. Any petitioner not so transferred should be discharged.
Counsel for petitioners argue that this proceeding should be deemed a class action pursuant to CPLR 1005 and should apply automatically to all members of the class who are similarly situated as are these petitioners. It is contended that convicted misdemeanants who have been sentenced pursuant to subdivision 4 of section 208 of the Mental Hygiene Law, and who are detained in the House of Detention for periods in excess of 30 days after sentence should receive the same relief accorded to the petitioners without suing out writs of habeas corpus. That application is denied. The type of class action contemplated by CPLR 1005 does not embrace persons who may be entitled to relief by writ of habeas corpus.