Robert W. Bascom, J.
Relator’s petition for a writ of habeas corpus is defective in that it is unverified, fails to name the *376 person by whom he is detained, fails to have annexed a copy of the mandate by virtue of which he is detained or state the reason a copy could not be obtained, fails to indicate that a court or Judge of the United States does not have exclusive jurisdiction to order the requested release, fails to represent whether any appeal has been taken from any order by virtue of which he- is detained, and, if so, the result, and, further, fails to mention any previous applications for the writ, if any, the disposition thereof and of any appeal taken therefrom or the new facts, if any, presented, which were not previously alleged, all as required by CPLR 7002 (subd. [c]). For these deficiencies alone the petition should be dismissed (People ex rel. Bennett v. Conboy, 35 A D 2d 1032) without prejudice to a renewal upon a proper showing.
Entirely apart from the failure of compliance with the statute, the petition presents no grounds for habeas corpus relief. It appears therefrom that on June 14, 1972, relator was convicted in Nassau County Court on two counts of attempting criminally to sell dangerous drugs in the third degree, which are class D felonies (Penal Law, §§ 220.35, 110.05). For one such felony conviction he alleges he was certified to the Narcotic Addiction Control Commission for an indefinite period not to exceed 60 months. For the other such felony conviction he asserts he was sentenced to an indeterminate period of imprisonment having a maximum of four year-s. Both such sentences, in the discretion of the court, were permissible under section 60.15 of the Penal Law and section 208 (subd. 4, par. b) of the Mental Hygiene Law. The sentences imposed were to run concurrently.
The essence of relator’s annoyance is that he is being required to serve his term of imprisonment prior to the sentence to the Narcotic Commission, rather than in the inverse order. In support of this theory he relies on section 213 of the Mental Hygiene Law, which interdicts the assignment or transfer of a certified addict to, or the retention of him by, any person operating a facility for treatment of addicts unless such facility has been approved by the commission. Great Meadow Correctional Facility is not such a facility, and relator’s petition so alleges. He has not, however, been so assigned or transferred, and is not being so retained. The section’s prohibition applies only to one already in custody of the commission, where this relator has not yet been, and is designed to prevent purported treatment in unauthorized, unapproved, and irresponsible facilities. It was not designed to thwart the service of a lawfully imposed correctional sentence.1 By the same token, section 70.20 of the Penal Law, provides that upon imposition of an indeterminate sentence of *377 imprisonment the court shall commit the defendant to the custody of the State Department of Correction, which is exactly what has been done here.
Relator’s reliance on People ex rel. Cardona v. Singerman (63 Misc 2d 509), and People v. Michels (30 A D 2d 666), is misplaced. These cases are readily distinguishable, and neither is here relevant. The former involved undue delay in the transfer of certified addicts from the Bronx House of Detention to one of the Narcotic Addiction Control Commission (NACC) facilities where no separate felony or other sentence was involved. The latter involved the interruption of a previously imposed sentence of certification to NACC, part of which was already served, by the attempted immediate incarceration of the defendant, by another court, for a subsequent felony sentence. No such situation here exists.
The petition is accordingly denied and an order to that effect may be submitted.